# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> VALLEY STATE PRISON, et al., <br><br> Defendants. | 1:19-cv-01797-GSA-PC <br><br> **ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK TO OPEN NEW ACTIONS FOR FOURTEEN PLAINTIFFS, PURSUANT TO THIS ORDER** <br><br> **THIRTY-DAY DEADLINE FOR ALL FIFTEEN PLAINTIFFS TO EACH FILE AN AMENDED COMPLAINT NOT EXCEEDING 25 PAGES IN HIS OWN CASE, AS INSTRUCTED BY THIS ORDER** <br><br> **THIRTY-DAY DEADLINE FOR FOURTEEN PLAINTIFFS (EXCLUDING PLAINTIFF GANN) TO EACH SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS IN HIS OWN CASE, OR PAY THE $400.00 FILING FEE FOR HIS OWN CASE** <br><br> **ORDER DIRECTING CLERK TO SEND ALL FIFTEEN PLAINTIFFS A CIVIL RIGHTS COMPLAINT FORM** <br><br> **ORDER DIRECTING CLERK TO SEND AN APPLICATION TO PROCEED IN FORMA PAUPERIS TO ALL PLAINTIFFS EXCEPT PLAINTIFF NATHANIEL GANN** |

## I. BACKGROUND

Plaintiff Nathaniel Marcus Gann ("Gann") and fourteen co-plaintiffs[1] are prisoners proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff Gann is

---

[1] The fifteen named plaintiffs are (1) Nathaniel Marcus Gann, (2) Melvin Hiram Thomas, (3) David E. Phillips, (4) Jose Reyes, (5) Alton King, (6) John F. Weston, (7) Larry Eugene Boyce, (8) Michael Warsek, (9) Manfred Schockner, (10) Matthew Wilke Morgan, (11) Thomas Michael Joseph Fox, (12) Jeramie Prier, (13) Carlos Rodolfo Marroquin, (14) Oscar Zalaya, and (15) Vladimir R. Ebel. All of the plaintiffs are presently incarcerated at Valley State Prison in Chowchilla, California, and all of the plaintiffs signed the Complaint. (ECF No. 1 at 4, 28-29.)

1

proceeding *in forma pauperis*. The Complaint commencing this action was filed on December 26, 2019. (ECF No. 1.)

## II. SEVERANCE OF CLAIMS

After reviewing the Complaint, the Court has determined that each plaintiff should proceed separately with his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience an action brought by multiple plaintiffs proceeding *pro se* in which one or more of the plaintiffs are in custody presents procedural problems that cause delay and confusion. Delay can arise from the transfer of prisoners to other facilities or institutions, and the changes in address that occur when prisoners are released from custody. Further, the need for all plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, the plaintiffs' claims shall be severed; plaintiff Gann shall proceed as the sole plaintiff in this action; and new actions shall be opened for plaintiffs Thomas, Phillips, Reyes, King, Weston, Boyce, Warsek, Schockner, Morgan, Fox, Prier, Marroquin, Zalaya, and Ebel. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

Since the claims of the plaintiffs will be severed, each of the plaintiffs, including Plaintiff Gann, shall be given thirty days to file, in his own action, an amended complaint **not exceeding 25 pages**. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Iqbal, 556 U.S.

at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969.

Plaintiffs allege in their December 26, 2019 Complaint that they were subjected to adverse conditions of confinement by the defendants. When filing their amended complaints, each plaintiff must allege facts in his own case concerning his *individual* circumstances. Each plaintiff must give sufficient information about what occurred to cause harm *to him PERSONALLY*.

Each amended complaint must also specifically state how each defendant is involved. Each plaintiff must demonstrate HOW each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new claims arising after December 26, 2019. Plaintiffs may not change the nature of their suits by adding new, unrelated claims in the amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no"buckshot" complaints).

Finally, plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Each amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff Gann shall proceed as the sole plaintiff in this case, case number 1:19-cv-01797-GSA-PC;

///

2. The claims of plaintiffs Thomas, Phillips, Reyes, King, Weston, Boyce, Warsek, Schockner, Morgan, Fox, Prier, Marroquin, Zalaya, and Ebel are severed from the claims of plaintiff Gann;

3. The Clerk of the Court is directed to:

    a. Open fourteen separate § 1983 civil actions for plaintiffs Thomas, Phillips, Reyes, King, Weston, Boyce, Warsek, Schockner, Morgan, Fox, Prier, Marroquin, Zalaya, and Ebel;

    b. Assign the new actions to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the new actions opened for plaintiffs Thomas, Phillips, Reyes, King, Weston, Boyce, Warsek, Schockner, Morgan, Fox, Prier, Marroquin, Zalaya, and Ebel;

    d. Place a copy of the Complaint (ECF No. 1), which was filed on December 26, 2019 in this action, in the new actions opened for plaintiffs Thomas, Phillips, Reyes, King, Weston, Boyce, Warsek, Schockner, Morgan, Fox, Prier, Marroquin, Zalaya, and Ebel;

    e. Send each of the fifteen plaintiffs (including plaintiff Gann) an endorsed copy of the Complaint (ECF No. 1) filed on December 26, 2019, bearing the case number assigned to his own individual action;

    f. Send each of the fifteen plaintiffs (including plaintiff Gann) a § 1983 civil rights complaint form;

    g. Send each of the fourteen plaintiffs Thomas, Phillips, Reyes, King, Weston, Boyce, Warsek, Schockner, Morgan, Fox, Prier, Marroquin, Zalaya, and Ebel (excluding plaintiff Gann) an application to proceed *in forma pauperis*;

///

///

4. Within **thirty (30) days** from the date of service of this order, the fifteen plaintiffs (including plaintiff Gann) shall each file an amended complaint **not exceeding 25 pages** and bearing his own case number;

5. Within **thirty (30) days** from the date of service of this order, the fourteen plaintiffs Thomas, Phillips, Reyes, King, Weston, Boyce, Warsek, Schockner, Morgan, Fox, Prier, Marroquin, Zalaya, and Ebel (excluding plaintiff Gann) shall each pay the $400.00 filing fee for his own action, or complete and submit an application to proceed *in forma pauperis* bearing his own case number;

6. Each amended complaint should be clearly and boldly titled "First Amended Complaint" and be an original signed under penalty of perjury; and

7. <u>Failure by a plaintiff to comply with this order may result in the dismissal of the plaintiff's case</u>.

IT IS SO ORDERED.

Dated: **January 6, 2020**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE